UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| DARRELL FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 13-CV-68-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

**** **** **** ****

Darrell Frazier is an inmate confined in the United States Penitentiary-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Frazier has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1] Frazier has paid the $5.00 filing fee. [*Id.*]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relied." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Frazier's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Frazier's factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 555-56 (2007). Having reviewed

the petition, the Court must deny it because Frazier cannot pursue his claims in a habeas corpus proceeding under § 2241.

I

In November 1989, a federal jury in Tennessee convicted Frazier of conspiracy to distribute cocaine. *United States v. Frazier*, No. 1:89-CR-56-02 (E.D. Tenn. 1989). In January 1990, the district court sentenced Frazier to life in prison pursuant to 21 U.S.C. §841(b)(1)(A). On appeal, Frazier's conviction and sentence were affirmed. *United States v. Frazier*, 936 F.2d 262 (6th Cir. 1991)

On April 25, 1997, Frazier filed a motion seeking post-conviction relief pursuant to 28 U.S.C. § 2255. *United States v. Frazier*, No. 1:97-CV-264 (E.D. Tenn. 1997) On October 20, 1997, the district court denied Frazier's § 2255 motion, concluding that it was time-barred by the applicable one-year statute of limitations. Frazier, appealed but the Sixth Circuit rejected his argument that the statute of limitations should have been tolled, affirmed the denial of his § 2255 motion, and dismissed the appeal. *Frazier v. United States*, 215 F.3d 1326, 2000 WL 658072 (6th Cir. May 9, 2000) (Table), *cert. denied*, 531 U.S. 880, 121 S.Ct. 191, 148 L.Ed.2d 132 (2000). Frazier then filed a motion seeking relief from his sentence pursuant to Federal Rule of Civil Procedure 60(b), again arguing that the statute of limitations for his § 2255 motion should have been tolled. The district court denied that motion, explaining that the Sixth Circuit had previously rejected the same argument. *United Stated v. Frazier*, Nos. 1:89-CR-56-02, 1:97-CV-264, 2009 WL 3871442, at **2-3 (E.D. Tenn. Nov. 13, 2009)

II

In his § 2241 petition, Frazier challenges his drug conviction under the Supreme Court's decision in *DePierre v. United States*, 131 S.Ct. 2225 (2011). In *DePierre*, the Supreme Court held that "cocaine base" as used in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form. *DePierre*, 131 S. Ct. at 2231-32. Frazier contends that in light of *Depierre*, the indictment under which he was charged violated the Due Process Cause of the Fifth Amendment because it failed to specify the type of cocaine that he distributed; that he was charged with and convicted of a nonexistent drug offense; that *DePierre* applies retroactively to him, rendering him "actually innocent" of the § 841(b) drug offense of which he was convicted. Frazier further asserts that he was "...sentenced excess of the statutory maximum authorized by Congress for offenses committed in violation of 841(b)(1)(C), the Catch All Provision." [R. 1-1, p. 3]

As a general rule, a petitioner challenging the legality of his conviction or sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles*, 180 F.3d at 755-56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *United States v. Hayman*, 342 U.S. 205, 223 (1952); *Charles*, 180 F.3d at 755-56.

A prisoner can also obtain relief under § 2241 if he can demonstrate that he is actually innocent of the offenses of which he was convicted. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Actual innocence is defined as "factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish actual innocence, a § 2241 petitioner must point to a case, decided after his conviction became final, in which the Supreme Court has re-interpreted the terms of the statute under which he was convicted, in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004); *Peterman*, 249 F.3d at 461- 62; *Charles*, 180 F.3d at 757.

Frazier contends that *DePierre* (which was rendered after the sentencing court denied his second § 2255 motion), qualifies as a new rule of law which applies retroactively applicable and affords him relief from his conviction. He argues that since *DePierre* recognizes the different chemical composition between cocaine hydrochloride (the typical powder cocaine) and cocaine base ("crack cocaine"), his sentence is excessive and should be reduced or set aside.

Frazier's reliance on *DePierre* is misplaced for two reasons. First, to establish "factual" or "actual" innocence, " a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) But unlike a case such as *Bailey v. United States*, 516 U.S. 137 (1995), which by statutory interpretation *narrowed* the scope of conduct proscribed by the statute of conviction, the Supreme Court in *DePierre* expressly refused to limit the scope of § 841(b)(1) to

"crack" cocaine, and instead reaffirmed its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus, the *DePierre* decision did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105 F. App'x at 15. Because *DePierre* decision did not de-criminalize the conduct of which Frazier was convicted, he cannot satisfy the requirements of § 2255's savings clause. *See Biggins v. Haynes*, No. CV212-024, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012).

Second, even if *DePierre* provided Frazier any substantive relief, the case does not apply retroactively to cases on collateral review. Admittedly, *DePierre* was decided by the Supreme Court after Frazier's conviction became final, but to date no court to date has determined that *Depierre* satisfies the criteria for retroactive application. *Cf. Wallace v.. United States*, No. 4:12-CV-388-A, 2012 WL 2161268, at *3 (N.D.Tex.2012) ("*DePierre* has not been recognized or declared a retroactively applicable Supreme Court decision. It only clarified existing law.") Although the Sixth Circuit has not determined in a published opinion whether a *DePierre* claim can be brought in a § 2241 habeas petition, other federal appellate courts have held that claims predicated upon *DePierre* are not cognizable in habeas petitions filed under § 2241. *See Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012) ("*DePierre* did not decriminalize [petitioner]'s criminal conduct and has not been held to be retroactively applicable."); *Fields v. Warden, FCC Coleman-USP 1*, 484 F. App'x 425, 427 (11th Cir. 2012) ("[Petitioner] has not shown that *DePierre* [] [is] retroactive . . . ."); *Yates v. Bledsoe*, 501 F. App'x 111, 114–115 (3d Cir. 2012) (noting that *Depierre* has not been found to apply retroactively).

Additionally, numerous district courts in this circuit, including this Court, have uniformly followed this rule, *Irons v. Farley*, No. 4:12-CV 1516, 2013 WL 626451, at * *4-5 (N.D. Ohio Feb. 20, 2013); *Colbert v. Ives*, No. 12-CV-99-GFVT, 2013 WL 1856080, at *5 (E.D. Ky. Apr. 30, 2013); *Cato v. Holland*, No. 13-34-KKC, 2013 WL 1312800, at *5 (E.D. Ky. Mar. 26, 2013), and the Sixth Circuit has repeatedly affirmed that result, *McCoy v. Ives*, No. 6:12-CV-109-ART (E.D. Ky. July 12, 2012), *aff'd*, No. 12–5937 (6th Cir. Apr. 4, 2013) (holding that claim under *DePierre* is not cognizable under § 2241 because it did not result in the petitioner being imprisoned for a nonexistent offense); *Knight v. Sepanek*, No. 12-54-HRW (E.D. Ky.2012), *aff'd*, No. 13–5176 (6th Cir. Aug. 23, 2013) (holding that *DePierre* claim cannot be pursued under §2241 because the decision "only makes clear that the term 'cocaine base' refers to all forms of cocaine base, not just crack cocaine, and in no way undermines Knight's conviction.").

For these reasons, Frazier is not entitled to relief from his conviction and sentence under § 2241. His petition will be denied and this action will be dismissed.

III

Accordingly, it is hereby **ORDERED** that:

1. Darrell Frazier's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 22nd Day of October, 2013.

