UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DARRELL FRAZIER, ) | Civil Action No. 13-CV-68-GFVT |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| ) | **ORDER** |
| J. C. HOLLAND, *Warden*, ) | |
| ) | |
| Respondent. ) | |

**\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\***

Pursuant to the Order entered herein on February 18, 2014 [R. 6], the Court considers Petitioner Darrell Frazier's "Motion for an Extension of Time in Which to File an Appeal" pursuant to Fed. R. App. 4(a)(5), docketed as [R. 5]. As explained below, the Court will grant that motion.

**I**

On April 1, 2013, Petitioner Frazier, an inmate confined in the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1.] On October 22, 2013, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and an accompanying Judgment denying Frazier's § 2241 petition and dismissing this proceeding. [*See* R. 2 and R. 3.] The record contains no indication that the U.S. Postal Service returned as "undeliverable" the copy of the Opinion and Order and Judgment mailed to Frazier on October 22, 2103.

On February 5, 2012, the Clerk of the Court received a letter from Frazier, in which he inquired about the status of his case. [*See* R. 4.] In response, and on that same date, the Deputy Clerk of the Court mailed Frazier: (1) copies of the Opinion and Order and Judgment, and (2) a copy of the docket sheet current as of that date. *See* Clerk's notation to R. 4. On February 12, 2014, the Clerk of the Court received a second letter from Frazier [R. 5], in which he stated that he did not receive a copy of the Opinion and Order and Judgment until February 10, 2014; that until February 10, 2014, he did not know that his § 2241 petition had been dismissed; and that he wanted to appeal the denial of his § 2241 petition. [R. 5.]

On February 18, 2014, the Court entered an Order instructing the Clerk of the Court to docket Frazier's February 12, 2014, letter as a "Motion for an Extension of Time in Which to File an Appeal" pursuant to Fed. R. App. 4(a)(5). [R. 6.] In that Order, the Court noted that because the Respondent in this case was an officer of the United States, Frazier had sixty (60) days from October 22, 2013, (the date on which the Opinion and Order and Judgment were entered) in which to file an appeal, but that Frazier did not file an appeal within that sixty-day period. [*Id*., at p. 2 (citing Fed. R. App. 4 (a)(1)(B)(iii)).] The Court now addresses the merits of Frazier's motion to enlarge the time for filing an appeal.

**II**

Federal Rule of Appellate Procedure 4(a)(6) specifies three conditions that must be met before a district court may exercise its discretion to reopen the time to file an appeal. In this case, Frazier has satisfied the three conditions enumerated in Rule 4(a)(6).

The first condition, as set forth in appellate Rule 4(a)(6), requires a district court to determine that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed. Fed. R. App. P. 4(a)(6)(A). From an objective standpoint it is difficult to conclude that Frazier did not receive a copy of the Opinion and Order and Judgment within twenty-one days of their entry. First, the Deputy Clerk of the Court certified that on October 22, 2013, she mailed a copy of both the Memorandum Opinion and Order and Judgment to Frazier at his address of record, USP-McCreary. *See* Clerk's Service Notations to R. 2 and R. 3. As noted, the record is devoid of evidence suggesting that the copies of the documents mailed to Frazier on October 22, 2013, were returned in the mail as "Undeliverable."

Second, according to the BOP's website, Frazier, BOP Register No. 11334-047, Frazier remains confined in USP-McCreary, the same facility in which he was confined when he filed this action. *See* http://www.bop.gov/inmateloc/ (last visited on August 12, 2014). Frazier has not alleged in any of his filings that he was transferred to another BOP facility at any time during the pendency of this action. Third, Frazier filed this case on April 1, 2013, and nothing prevented him from exercising some degree of due diligence in contacting the Clerk of the Court to ascertain the status of his case prior to early February, 2014. *See Kuhn v. Sulzer Orthopedics, Inc*., 498 F.3d 365, 369-71 (6th Cir. 2007).[1]

---

[1] In *Kuhn*, the Sixth Circuit held that a district court did not abuse its discretion when it denied the plaintiffs' motion to reopen the time to file an appeal despite the plaintiffs' meeting all three of the conditions set forth in Appellate Rule 4(a)(6). *Id*. at 369–71. The Sixth Circuit recognized that the language of Appellate Rule 4(a)(6) was permissive, and the district court therefore had discretion in its decision. *Id*. at 370.

Fourth, the Court takes judicial notice of the fact that about two months after the Court entered the Opinion and Order in this action, Frazier filed a motion to alter or amend an adverse ruling entered on December 6, 2013, in his federal criminal case, *United States v. Frazier*, No. 1:89-CR-56-HSM-2 (E. D. Tenn., 1989). That Order denied the motion which Frazier had filed seeking relief under 28 U.S.C. § 2255. [*See* 12/6/13 Order, R. 131, therein; Frazier's 12/20/13 Motion to Alter or Amend, R. 132, therein.] The date of December 6, 2013, would have been only about six weeks after the entry of the Opinion and Order. Frazier apparently received official court mailings in his § 2255 proceeding without incident or delay, because on December 20, 2104, he filed a motion to alter or amend the December 6, 2013, Order entered in that case.

Thus, the record contains nothing to substantiate Frazier's claim that he did not receive a copy of the Opinion and Order and Judgment entered on October 22, 2013. However, Frazier contends that he did not receive the Opinion and Order and Judgment until early February 2014, and it is *possible* that some unidentified administrative error or oversight in the mail room of USP-McCreary *may have* prevented Frazier from receiving the Opinion and Order until early February 2014. Affording Frazier a large measure of leniency as a *pro se* litigant, the Court concludes that he did not receive notice, under Federal Rule of Civil Procedure 77(d), of the entry of the Opinion and Order and Judgment, within twenty-one days of their entry in this record.

Frazier filed his motion to enlarge within 180 days of the entry of the Opinion and Order and Judgment, thus satisfying the second factor of Fed. R. App. 4(a)(6)(B). That leaves the third and final criterion of Fed. R. App. 4 (a)(6)(C), which requires that no party

4

suffer prejudice. Frazier is in the BOP's custody serving a life term; the United States was not required to respond to his § 2241 petition prior to the dismissal of the case; and other than a several-month delay in the processing of an appeal of the denial of a § 2241 petition, the Court can ascertain no prejudice to any party by granting Frazier's motion to extend the time in which to file an appeal. *See Brown v. McQuiggin*, No. 2:09-CV-13520, 2012 WL 3020073, at *3 (E.D. Mich., July 24, 2012) (finding no prejudice under F.R. App. 4(a)(6)(C), where a party alleged that he did not receive a court order denying reconsideration). Frazier's motion will therefore be granted.

### III

Accordingly, **IT IS ORDERED** that:

(1) Petitioner Darrell Frazier's "Motion for an Extension of Time in Which to File an Appeal pursuant to Fed. R. App. 4(a)(5)" [R. 5] is **GRANTED**; and

(2) The Clerk of the Court shall transmit notice of this Memorandum Opinion and Order to the Sixth Circuit Court of Appeals.

This 20th day of August, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge